IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN KEITH WILKINS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-00102 |
| | ) JUDGE RICHARDSON |
| TENNESSEE DEPARTMENT OF | ) |
| CHILDREN'S SERVICES, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss (Doc. No. 5). Plaintiff filed a response in Opposition (Doc. No. 21), and Defendant replied (Doc. No. 24). For the reasons stated below, the motion is granted.

## **FACTUAL BACKGROUND[1]**

Plaintiff, Brian Keith Wilkins, was an employee of Defendant, Tennessee Department of Children's Services ("TDCS"), for twenty-five years. (Doc. No. 1 ¶ 5.) Starting in October 2012, Plaintiff worked as a team leader at the child abuse hotline. (*Id.*) Plaintiff was diagnosed in 2014 with Post-Traumatic Stress Disorder ("PTSD") from his employment in the military. (*Id.* ¶ 6.) Plaintiff was on Family Medical Leave Act ("FMLA") leave from September 30, 2014 to January 20, 2015 due to stress. (*Id.* ¶ 7.) Plaintiff took an additional leave of absence in February 2015 for two weeks for his son's emergency surgery and hospitalization. (*Id.* ¶ 8.)

In April 2015, Defendant suspended Plaintiff for five days because of low evaluation scores. (*Id.* ¶ 9.) Plaintiff was absent from work in May 2015 for two weeks for his medical

---

[1] For purposes of Defendant's Motion to Dismiss, the Court will assume all of the following alleged facts to be true.

1

appointments. (*Id.* ¶ 10.) In June 2015, Plaintiff applied for Americans with Disabilities Act ("ADA") accommodations due to his PTSD, memory loss, and bipolar disorder. (*Id.* ¶ 11.) Plaintiff specifically requested work accommodations in a less stressful TDCS department. (*Id.*)

Plaintiff was terminated on July 29, 2016, but his termination was rescinded three days later. (*Id.* ¶¶ 12-13.) On August 3, 2015, Defendant informed Plaintiff that he had sixty days to find a job within TDCS or he would be terminated. (*Id.* ¶ 14.) On August 4, 2015, Plaintiff was reassigned to the Special Investigations Unit, where he alleges he was allowed to perform only menial tasks with no specific job description. (*Id.* ¶¶ 15-16.) Plaintiff also alleges that Defendant refused to accommodate Plaintiff with a flexible work schedule or allow him to speak with the hiring manager about open positions. (*Id.* ¶¶ 17, 20.)

In September 2015, Plaintiff was told that certain people wanted him to quit or to be fired. (*Id.* ¶ 21.) On September 11, 2015, Plaintiff was suspended for his failure to notify his supervisors about being late after he had previously been reprimanded for not doing so. (*Id.* ¶¶ 18-19.) In early October 2015, the Director of TDCS's Special Investigations Unit was informed of Plaintiff's medical issues. (*Id.* ¶ 22.) Later that month, Plaintiff reported to a new position with Davidson County Care. (*Id.* ¶ 23.) On October 23, 2015, Plaintiff was suspended for his failure to notify his supervisor about being late and complete work assigned to him prior to his transition to the position at Davidson County Care. (*Id.* ¶¶ 24.) On November 15, 2015, Defendant terminated Plaintiff's employment. (*Id.* ¶ 25.)

Based on these allegations, Plaintiff claims Defendant violated: (1) Title VII of the Civil Rights Act of 1964; (2) Title I of the Civil Rights Act of 1991; (3) the ADA; (4) the FMLA; (5) the Tennessee Human Rights Act ("THRA"); and (6) the Tennessee Public Protection Act ("TPPA"). (*Id.* ¶ 27.) Plaintiff also alleges causes of action entitled, "Wrongful Discharge,

Retaliatory Discharge, and Hostile Work Environment." (*Id.*)[2] Defendant now moves to dismiss all claims against it.[3]

## LEGAL STANDARD

For purposes of a motion to dismiss, the Court must take the factual allegations in the complaint as true, as the Court has done above. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

---

[2] Defendant interprets these claims as brought pursuant to Title VII. (*See* Doc. No 6 at 8.) Plaintiff does not appear to contest this interpretation. (*See* Doc. No. 21 at 5.) Accordingly, the Court construes the wrongful and retaliatory discharge and hostile work environment claims as Title VII violations.

[3] The Court notes that Plaintiff previously filed the same action in *Wilkins v. Tenn. Dep't Of Children's Servs.*, No. 3:16-cv-00948 on May 24, 2016. However, Plaintiff requested a consent order dismissing the action without prejudice, which the Court granted.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining factual allegations plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Rule 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

## DISCUSSION

### I. Title VII and ADA Claims

Defendant argues that Plaintiff's Title VII and ADA claims should be dismissed because Plaintiff has failed to allege that he has satisfied two prerequisites for filing a lawsuit under Title VII and the ADA—that he timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and received and acted upon the EEOC's statutory notice of right to sue ("right-to-sue letter"). The Sixth Circuit has recognized that "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action." *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002). Administrative exhaustion, the two measures Defendant claims Plaintiff has failed to allege, involves: (1) timely filing a charge of employment discrimination with the EEOC; and (2) receiving and timely acting upon the EEOC's statutory right-to-sue letter. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481,

1486 (6th Cir. 1989)). Importantly, administrative exhaustion must not only be ultimately proved by the plaintiff but must also be alleged in the complaint to avoid dismissal. *See McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002). Plaintiff fails to allege that he ever filed a charge that would serve to exhaust his administrative remedies, much less when it was filed, what he alleged, whether he received a right-to-sue letter, or when he received it. Accordingly, dismissal of Plaintiff's Title VII and ADA claims is warranted on this basis alone.[4]

Although Plaintiff attaches to his opposition brief two right-to-sue letters dated February 25, 2016 and July 28, 2017 (*see* Doc. No. 21-1) to show that he has satisfied the administrative prerequisites to filing suit under Title VII and the ADA, these documents fail to save his claims.[5] There is no indication from these right-to-sue letters or from Plaintiff directly that the letters are associated with Plaintiff's claims in the instant lawsuit. In addition, even if these right-to-sue letters relate to the alleged claims here, the right-to-sue letters demonstrate that Plaintiff's Title VII and ADA claims are time-barred. An employee seeking relief under Title VII or the ADA must file a civil action within ninety days of the receipt of the notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); *see also McGhee*-, 53 F. App'x at 752 (approving

---

[4] A dismissal based on failure to allege administrative exhaustion is a dismissal under Rule 12(b)(6). *McGhee*, 53 F. App'x at 752.

[5] Although the Court generally cannot consider documents outside the pleadings in ruling on a motion to dismiss without converting the motion to dismiss into one for summary judgment, it can consider the right-to-sue letters because they are matters of public record of which the Court may take judicial notice. *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862–63 (N.D. Ohio 2013) ("EEOC charges and related documents, including right to sue letters, are public records of which the Court may take judicial notice in ruling on a motion to dismiss without having to convert the motion into one for summary judgment."). This is especially true where, as here, neither side contests the authenticity of the right-to-sue letter submitted by Plaintiff. In any event, these claims must be dismissed if the right-to-sue letters are considered (because they affirmatively show failure to meet the 90 day deadline) or if they are not considered (because then there would be nothing that could be considered allegations relating to administrative exhaustion).

the district court's dismissal of plaintiff's disability discrimination complaint under the ADA as time-barred for failure to file the complaint within ninety days of receipt of the right-to-sue letter); *Truitt v. Cty. of Wayne*, 148 F.3d 644, 647-49 (6th Cir. 1998) (affirming dismissal of Title VII complaint under Rule 12(b)(6) for failure to file complaint within ninety days of receipt of right-to-sue letter). The ninety-day requirement is similar to a statute of limitations and serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed. *See Truitt*, 148 F.3d at 646-47. Because Plaintiff has not detailed when he received the right-to-sue letter, the Court presumes that he received it five days after it was mailed. *See Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) (noting that there is a presumption that mail is received by the plaintiff and the ninety-day time period begins to run five days after the EEOC mails the notice of right to sue). The Court, therefore, assumes that Defendant received the most recent right-to-sue letter on August 2, 2017. Plaintiff filed his Complaint in this case on February 1, 2018—almost six months after he received the most recent right-to-sue letter. Therefore, to the extent the right-to-sue letters Plaintiff attaches to his opposition brief are associated with his Title VII and ADA claims in this lawsuit, those claims are time-barred. Accordingly, Plaintiff's Title VII and ADA claims will be dismissed with prejudice pursuant to Rule 12(b)(6).[6]

## II.     Title I of the Civil Rights Act of 1991 Claim

Defendant argues that Plaintiff's claim under Title I of the Civil Rights Act of 1991 should be dismissed because the statute governs damages for claims of employment discrimination and does not create a cause of action. In response, Plaintiff acknowledges that the Title I claim "does

---

[6] Because the Court dismisses the Title VII and ADA claims on the aforementioned basis, it declines to address Defendant's additional arguments for dismissing these claims.

not provide a separate cause of action" and that "Title I of the Civil Rights Act may not create a cause of action and may not be applicable." (Doc. No. 21 at 3, 6.) Title I of the Civil Rights Act of 1991 "provides a prevailing plaintiff in an intentional employment discrimination case the ability to recover compensatory and punitive damages from the defendant." *Sears v. Jo-Ann Stores, Inc.*, No. 3:12-1322, 2014 WL 1665048, at *7 (M.D. Tenn. Apr. 25, 2014), *report and recommendation adopted*, No. 3:12-1322, 2014 WL 3672113 (M.D. Tenn. July 23, 2014) (citing 42 U.S.C. § 1981a(a)). However, "this statute does not create a new substantive right or an independent cause of action; rather, it enhances the remedies otherwise available for intentional employment discrimination." *Id.* Thus, because Plaintiff cannot plausibly allege an independent cause of action under Title I of the Civil Rights Act of 1991 as none exists, Plaintiff's Title I of the Civil Rights Act of 1991 claim will be dismissed with prejudice under Rule 12(b)(6).

### III. FMLA Claim

The Complaint merely states that Plaintiff brings a claim under the FMLA but does not specifically detail how Defendant violated the FMLA. Plaintiff alleges that he took FMLA leave from September 30, 2014 to January 20, 2015 due to stress and that he was absent for two weeks in May 2015 due to medical appointments. (Doc. No. 1 ¶¶ 7,10.) Plaintiff also alleges that he took an additional two-week leave of absence to care for his son. (*Id.* ¶ 8.) Thus, the Complaint can be construed to allege potential FMLA claims under both the self-care and family-care provisions.[7]

---

[7] Under the self-care provision, the FMLA entitles a qualified employee to take up to twelve weeks of leave during a twelve-month period if the employee's own serious health condition prevents the employee from performing the functions of his job. 29 U.S.C. § 2612(a)(1)(D). Under the family-care provision, the FMLA also entitles a qualified employee to take up to twelve weeks of leave during a twelve-month period to care for a spouse, child, or parent who has a serious health condition. 29 U.S.C. § 2612(a)(1)(C).

7

Defendant moves to dismiss the FMLA claim based on both provisions. The Court discusses each argument in turn.

### A. Whether Defendant is Immune from Suit Under the FMLA's Self-Care Provision

Defendant argues that to the extent the Complaint can be construed to assert a claim under the FMLA's self-care provision, Defendant is immune from damages and therefore the claim should be dismissed. In *Coleman v. Ct. App. of Md.*, 566 U.S. 30 (2012), the Supreme Court determined that "suits against States under [the self-care] provision are barred by the State's immunity as sovereigns in our federal system." *Id.* at 33. Accordingly, to the extent Plaintiff seeks money damages for violating the FMLA's self-care provision, that claim will be dismissed.

Plaintiff argues that although Defendant may be immune from suit for money damages, it is not immune from equitable relief, such as reinstatement and attorney's fees. "Under Sixth Circuit precedent, the Eleventh Amendment does not bar suits for equitable, prospective relief against state officials in their official capacities." *Miller v. Tenn. Dep't of Human Servs.*, No. CV 3-15-1025, 2016 WL 3213641, at *2 (M.D. Tenn. June 10, 2016) (citing *Diaz v. Mich. Dep't of Corrs.*, 703 F.3d 956, 958 (6th Cir. 2013)). This exception to state sovereign immunity is known as the *Ex parte Young* doctrine. *See id*. However, the *Ex parte Young* doctrine does not apply where, as here, a plaintiff sues a state agency, not a state official. *See id.* at *3. Therefore, Plaintiff cannot seek any form of equitable relief against Defendant for violations of the FMLA. In addition, attorney's fees are not a form of equitable relief under the FMLA because attorney's fees can be awarded only after a money judgment has been entered. *See* 29 U.S.C. § 2617. Thus, to the extent Plaintiff's claim is based on the self-care provision of the FMLA, it will be dismissed with prejudice.

**B. Whether Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Under the FMLA's Family-Care Provision**

Defendant argues that Plaintiff fails to plausibly allege a FMLA entitlement, interference, discrimination, or retaliation claim based on his leave of absence to care for his son.[8] The Court agrees. To establish a *prima facie* case of FMLA entitlement or interference, the plaintiff must show: (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled. *Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012); *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004). Even if the Complaint could be construed to allege that Plaintiff's leave of absence to care for his son was protected by the FMLA, which it cannot, Plaintiff does not allege that Defendant denied him FMLA leave, or any of the other elements stated above. Therefore, Plaintiff fails to plausibly allege a FMLA entitlement and interference claim based on the family-care provision.

To establish a *prima facie* case of FMLA discrimination or retaliation, the plaintiff must show: (1) he engaged in an activity protected by the FMLA; (2) his employer knew that he was exercising his FMLA rights; (3) his employer took an adverse employment action; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Hall v. Ohio Bell Tel. Co.*, 529 F. App'x 434, 439 (6th Cir. 2013); *Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006). Plaintiffs fails to state that his leave to care for his son was protected by the FMLA, his employer knew that he was exercising his FMLA rights, or that he suffered an

---

[8] The Sixth Circuit recognizes two distinct theories for recovery under the FMLA: (1) the "entitlement" or "interference" theory; and (2) the "retaliation" or "discrimination" theory. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004).

adverse employment action as a result of him taking this leave. Thus, he fails to adequately allege a FMLA discrimination or retaliation claim based on the family-care provision. Accordingly, because Defendant is immune from suit under the FMLA's self-care provision, Plaintiff has failed to adequately allege a FMLA claim based on the family-care provision, and the Complaint provides no other potential basis for a FMLA claim, the FMLA claim will be dismissed with prejudice pursuant to Rule 12(b)(6).[9]

## IV. State Law Claims

The only remaining claims are Plaintiff's THRA and TPPA claims. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Ford v. Frame*, 3 F. App'x 316, 318 (6th Cir. 2001) ("[D]istrict courts possess broad discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed."). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The sole basis for subject matter jurisdiction in the Complaint is federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1 ¶ 4.) Plaintiff does not assert any factual allegations giving rise to diversity jurisdiction, and indeed the Complaint is explicit as to the lack of diversity of citizenship of the parties. Because the only claims over which the Court had original

---

[9] Because the Court dismisses Plaintiff's FMLA claim on the aforementioned grounds, it declines to address Defendant's additional argument regarding the statute of limitations.

jurisdiction have been dismissed, the parties are non-diverse, and the aforementioned factors weigh in favor of declining jurisdiction over Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's THRA and TPPA claims and dismisses them without prejudice.[10] Plaintiff may refile them in a Tennessee state court.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss. (Doc. No. 5). Plaintiff's Title VII, Title I, ADA, and FMLA claims will be **DISMISSED WITH PREJUDICE**. Plaintiff's THRA and TPPA claims will be **DISMISSED WITHOUT PREJUDICE**, to be filed, if Plaintiff so chooses, in a Tennessee state court.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[10] This is in fact exactly what Plaintiff requested to happen if all of his federal claims were dismissed. (Doc. No. 21 at 3-4, 6.)